UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): DEFENDANT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO DISMISS ALL INDIVIDUALLY NAMED PLAINTIFFS EXCEPT ISMAEL ALDAZ, SR. (ECF No. 10, filed September 9, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 24, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs, fifty police officers employed by the Los Angeles Police Department ("LAPD"), filed the instant action on July 21, 2014, against the City of Los Angeles ("the City") and Does 1 through 10. ECF. No. 1. The complaint alleges that defendants failed to compensate plaintiffs for overtime hours worked, including before and after shifts and during their "Code 7" meal breaks. See Compl. ¶¶ 22–29.

Plaintiffs were previously parties in two opt-in FLSA collective actions that were decertified because the plaintiffs were not "similarly situated" with respect to off-the-clock claims. See Alaniz v. City of Los Angeles, No. 04-CV-8592 GAF (AJWx); Mata v. City of Los Angeles, No. 07-CV-6782 GAF (AJWx). The decertifying orders dismissed the opt-in plaintiffs' claims without prejudice.[1] See Compl. ¶ 11.

---

[1] Essentially identical decertification orders were issued in each case; the Court refers herein to the Alaniz order of May 21, 2014 as "Decertification Order." The Decertification Order was based, in part, on findings that: (1) "the officers worked in disparate locations for a variety of supervisors in different divisions and bureaus with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

Subsequently, the dismissed opt-in plaintiffs refiled their actions as twenty-eight lawsuits, with plaintiffs grouped by work divisions or bureaus. Plaintiffs in the case before this Court were, "[d]uring a significant period of time throughout their employment . . . assigned to divisions of the Detective Bureau: Gangs and Narcotics, Commercial Crimes, Detective Support and Vice, and Robbery Homicide Divisions." Compl. ¶ 12.

      On September 9, 2014, the City filed a motion to (1) dismiss or strike all named plaintiffs except for Ismael Aldaz, Sr. ("Aldaz"), the first-named plaintiff, and (2) strike certain allegations in the complaint relating to collective adjudication.[2] Following plaintiffs' failure to file a timely opposition, and the Court's grant of an *ex parte* application to extend the opposition deadline, plaintiffs filed an opposition on November 3, 2014. ECF No. 22. The City replied on November 10, 2014. ECF No. 23. After considering the parties' arguments, the Court concludes that the motion to dismiss all plaintiffs but Aldaz should be GRANTED and that the motion to strike should be GRANTED IN PART and DENIED IN PART.

---

assignments of varying nature"; (2) the "only department-wide policy is the unambiguous written directive that bars officers from working off-the-clock for any period of 6 minutes or more"; (3) no expert report or survey data indicated that declarations submitted in opposition to the motion to decertify were statistically representative of the claimants; (4) the City was entitled to raise individualized defenses; and (5) collective adjudication would be unmanageable . See Decertification Order at 5, 8, 11, 12, 13.

      [2]The City also requests that the Court take judicial notice of numerous orders and party submissions in related cases. A district court may take judicial notice of records in another case. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Accordingly, the Court takes judicial notice of the existence of these documents, although the Court does not accept the truth of the facts found or alleged therein. See Peel v. BrooksAmerica Mortg. Corp., 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

## II.    LEGAL STANDARD

### A.    Joinder

Federal Rule of Civil Procedure 20 governs permissive joinder and provides:

> Persons . . . may be joined in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a)." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1653 (2d ed. 1995).

Misjoinder of parties "is not a ground for dismissing an action." Fed. R. Civ. P. 21. But on "motion or on its own, the court may at any time, on just terms, add or drop a party," or "sever any claim against a party." Id. Rule 20 provides the relevant standard for determining whether a party should be dropped under Rule 21. Pan Am. World Airways, Inc. v. U.S. Dist. Court for the Central Dist. Of Cal., 523 F.2d 1073, 1079 (9th Cir. 1975). When parties are misjoined, the "court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs . . . based on the claim or claims attempted to be set forth in the present complaint." Coughlin, 130 F.3d at 1350 (internal quotation marks omitted). A district court exercises considerable discretion under Rule 21. See Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

    **B.**    **Motion to Strike**

    A motion to strike material from a pleading is made pursuant to Federal Rule of Civil Procedure 12(f). Under this Rule, the Court may strike from a pleading any material that is "redundant, immaterial, impertinent or scandalous." A motion to strike is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III.**    **ANALYSIS**

    **A.**    **Motion to Dismiss or Strike Improperly Joined Plaintiffs**

    Plaintiffs argue that joinder is proper because all named plaintiffs "share common questions regarding (1) whether the LAPD's official Code 7 policy violates the FLSA, (2) whether an unwritten policy discouraging the reporting of missed/interrupted Code 7s exists, and (3) whether an unwritten policy discouraging the reporting of off-the-clock work exists." ECF No. 22 at 16. The Court disagrees, finding that adjudication of plaintiffs' FLSA claims will require individualized inquiries that make joinder impracticable. In so finding, the Court joins a growing number of decisions in this judicial district dismissing or striking all but the first named plaintiff in the cases filed after decertification of the collective actions in Alaniz and Mata.[3]

---

    [3]See, e.g., Acevedo v. City of Los Angeles, No. 14-CV-5661-GHK (PJWx), ECF No. 23 at 4–7 (C.D. Cal. Nov. 13, 2014) (finding that joinder of a similar group of plaintiffs was improper under Rule 20 and principles of fundamental fairness); Aragon v. City of Los Angeles, No.14-CV-5631-R, ECF No. 24 at 3 (C.D. Cal. Nov. 6, 2014) ("Plaintiffs' attempt to join themselves into mini collective actions by division does not solve the problem because each Plaintiff has worked in multiple divisions, with varying assignments and supervisors during the relevant statutory period"); Agard v. City of Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

 Plaintiffs spend much of their opposition criticizing the Decertification Order's finding that an unofficial policy discouraging the reporting of overtime could not be shown on a collective basis, and arguing that the Ninth Circuit's subsequent decision in Jiminez v. Allstate Ins. Co., 765 F.3d 1161 (9th Cir. 2014), invalidates that finding and shows the propriety of adjudicating all plaintiffs' claims together.  In Jiminez, the Ninth Circuit found that a district court did not abuse its discretion in certifying a Federal Rule of Civil Procedure 23 class of automobile insurance claims adjusters who claimed that Allstate had an unofficial policy of requiring them to work unpaid off-the-clock overtime in violation of California law.  Id. at 1163, 1169.  Plaintiffs argue that Jiminez shows that rather than focusing on "whether the plaintiffs could actually prove the existence of an unwritten/unofficial policy that contradicted the written policies and directives of the LAPD," the Alaniz and Mata court should have "focused on whether the plaintiffs and opt-in members, as a whole, shared the common question over the existence of such a policy regardless of whether it was ultimately proven at the liability phase of trial."  ECF No. 22 at 5.  Plaintiffs suggest that, based on Jiminez, the Court should deny the present motion because all plaintiffs' claims are united by the common question of whether an unofficial practice or policy of discouraging the reporting of overtime claims existed.

 As an initial matter, this motion presents an issue of joinder under Rule 20, not an appeal of the Decertification Order.  Moreover, Jiminez involved Rule 23 and California employment law, neither of which is before the Court.  But to the extent that Jiminez is relevant, the Court disagrees with plaintiffs' reading of that case and the case law on which the Ninth Circuit relied.  In Jiminez, the Court of Appeals held that the district

---

Angeles, No. 14-CV-5668 PSG (JCx), ECF No. 23 at 5 (C.D. Cal. Oct. 27, 2014) (dismissing all but the first named plaintiff because the plaintiffs, although alleged to work in one division, were "of varying ranks, were supervised by different individuals, and are claiming differing violations"); Abner v. City of Los Angeles, No. 14-CV-5655 PA (MRWx), ECF No. 20 at 2 (C.D. Cal. Oct. 22, 2014) ("Plaintiffs' attempt to sub-group into divisions does not mean that their claims arise out of the same transaction or occurrence.  Plaintiffs' claims remain individualized due to variances in assignments, duties, supervisors, and location."); Alonzo v. City of Los Angeles, No. 14-CV-5636 RGK (JPRx), ECF No. 30 at 1 (C.D. Cal. Oct. 21, 2014) (severing and dismissing the claims of all but one plaintiff because "[r]esolution of the claims will require individualized and separate factual inquiries to determine the merits of the claims").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

court had permissibly found that specific evidence supported the existence of classwide proof that would "drive the answer to the plaintiffs' claims." 765 F.3d at 1165–66. Indeed, as the Supreme Court has made clear, "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (emphasis in original) (internal quotation marks omitted). In harmony with Jiminez and Dukes, the Decertification Order framed the "issue . . . [as] whether trying the suit as a collective action will generate common answers to the questions presented—most notably whether there is a department-wide unwritten policy mandating that all officers work off-the-clock unless and until they reach one hour of overtime." Decertification Order at 4. The court then found that, based on the specific claims and evidence presented, a collective action was not appropriate because individualized inquiries would drive resolution of the key issues. The Court finds no support in Jiminez for the proposition that the question of the existence of an unofficial LAPD policy discouraging overtime reporting supports joinder under Rule 20, and finds the Alaniz and Mata court's reasoning instructive on the propriety of trying plaintiffs' claims together.

      Plaintiffs also argue that the collective actions were decertified because of individualized damages issues, and that limiting this action to officers who worked in the Detective Bureau eliminates any individualized inquiries that could make joinder improper. Not so. The Decertification Order squarely addressed plaintiffs' argument that individualized issues could be addressed by "bifurcating the trial into liability and damages phases," explaining that individualized inquiries "directly impact whether or not the City *can be held liable* for certain alleged violations." Decertification Order at 12 (emphasis added). See, e.g., id. at 9 ("The fact that several hundred thousand overtime reports were submitted is consistent with the LAPD's written policy of prohibiting off-the-clock work . . . and suggests that any alleged FLSA violations were not the product of an LAPD unwritten rule, but rather stemmed from the decisions of individualized supervisors.").

      Similarly, the Court finds in this case that individualized factual issues impacting liability make joinder impracticable. For the reasons stated above, the Court is not persuaded that all plaintiffs' claims will be driven by a non-individualized inquiry into the existence of an unofficial policy of discouraging overtime reporting. Moreover,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

plaintiffs must demonstrate that LAPD management had "constructive or actual knowledge that [plaintiffs] were working off-the-clock." Reed v. County of Orange, 266 F.R.D. 446, 462 (C.D. Cal. 2010) (citing Pforr v. Food Lion, Inc., 851 F.2d 106, 109 (4th Cir. 1988), and Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981)). This determination will require individualized inquiries into varying factual scenarios. A declaration that plaintiffs submitted in opposition to this motion indicates that "employees must work different shifts to provide full coverage within each station," and that "[s]upervisors and officers often work different or overlapping shifts." ECF No. 22 Ex. B ("Perez Decl.") ¶ 12. Additionally, "employees holding the rank of Lieutenant or below can and frequently do transfer from shift to shift, from assignment to assignment, and/or from station to station (or to another division or bureau)."[4] Id. And although the plaintiffs in this case allegedly all worked at the Detective Bureau at some point, the Detective Bureau is divided into seven divisions—at least four of which are implicated by plaintiffs' allegations—and includes "21 geographic detective commands throughout the City." Id. ¶ 13. Furthermore, the City has pointed to pleadings in the collective action cases suggesting that even within a single station, the plaintiffs' titles, supervisors, and duties varied throughout the time periods at issue in this lawsuit. See, e.g., DRJN 2 Ex. 7 (declaration of a plaintiff who worked as both a sergeant and watch commander). Thus, "[t]o rebut [plaintiffs'] allegations of knowledge, [the City] will have to introduce evidence that is inherently individualized." Reed, 266 F.R.D. at 460.

Additionally, the City is entitled to introduce defenses that would require individualized proof, including that individual supervisors acted in good faith, that off-the-clock activities did not constitute compensable "work," and that off-the-clock work fell within the FLSA's *de minimis* exception. See Reed, 266 F.R.D. at 461; Smith v. T-Mobile USA, Inc., No. CV-05-5274 ABC (SSx), 2007 WL 2385131, at *8 (C.D. Cal. Aug. 15, 2007) (finding that these FLSA defenses "must, by their nature, be individualized").

---

[4]For example, David Harris, one of the plaintiffs, declared in the collective action proceedings that he was assigned to ten different divisions during his twenty-three years with the LAPD. See DRJN 1 Ex. 18 ¶¶ 3, 4. Eddie Badillo, another plaintiff, listed several assignments, not all of which are in the Detective Bureau. See Def. Req. Judicial Notice Supp. Reply ("DRJN 2") Ex. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

Finally, plaintiffs' own allegations show variations in the factual circumstances giving rise to their claims. The complaint alleges that sergeants were not compensated for preparation for roll call. Compl. ¶ 16. But the complaint does not allege that all plaintiffs held the rank of sergeant in the Detective Bureau, and in fact it appears that several plaintiffs did not. See DRJN 2 Exs. 4–6 (declarations from plaintiffs that did not hold either rank). The complaint also alleges that "[p]laintiffs who, in addition to their normal assignments and obligation, worked speciality details such as SWAT, canine, motorcycle traffic officers and other duties which require donning and doffing at the worksite, are entitled to be compensated." Compl. ¶ 21. But it is not clear from the complaint that all named plaintiffs worked such speciality details.

In short, plaintiffs have not established that they assert "any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A).[5] The Court therefore GRANTS the motion to dismiss all plaintiffs except for Aldaz.[6]

---

[5] Because plaintiffs have not satisfied the requirements of Rule 20(a), the Court need not consider the City's additional argument that joinder is inappropriate for the independent reason that it does not "comport with the principles of fundamental fairness." Desert Empire Bank v. Ins. Co. Of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).

[6] Plaintiffs have requested judicial notice of an order by Judge Feess—who issued the Decertification Orders in Alaniz and Mata—clarifying that two individually named plaintiffs were erroneously dismissed from Alaniz. See ECF No. 17-2. Plaintiffs vastly overstate meaning of this order, describing it as deciding that the two named plaintiffs "may maintain their claims alongside Roberto Alaniz (i.e. joinder of claims)" and ruling "that it is proper for these named plaintiffs to continue pursuing their individual claims in a single lawsuit." See ECF No. 17 at 2. In fact, Judge Feess only determined that because the two named plaintiffs were named plaintiffs, as opposed to opt-in plaintiffs, they should not have been automatically dismissed as a result of the decertification ruling. The order expressly states: "Does this mean that the three plaintiffs will be permitted to proceed to trial together? Not necessarily. That will depend on a variety of factors that are not in issue on this motion." ECF No. 17-2. Therefore, the order does not support plaintiffs' arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

### B. Motion to Strike

Insofar as the City requests that the Court strike all named plaintiffs except for Aldaz, that request is MOOT because the Court is dismissing all of these plaintiffs from the action. The City also moves to strike paragraphs 5, 16, 18, and 21 of the complaint.

    1. Paragraph 5

Paragraph 5 alleges that all plaintiffs "have the same or substantially similar claims" and that joinder is proper because all allegations involve the "same wrongful and/or illegal employment policy, practice and/or scheme." Compl. ¶ 5. Because the Court is dismissing all plaintiffs except Aldaz, this allegation is immaterial to Aldaz's suit and has "no possible bearing on the subject matter of this litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Therefore, the Court GRANTS the City's motion to strike paragraph 5 from the complaint.

    2. Paragraphs 16 and 18

Paragraphs 16 and 18 relate to the specific tasks and claims of sergeants and lieutenants. Id. ¶¶ 16, 18. Because it is not clear from the complaint what Aldaz's rank was at the relevant time, and because motions to strike are disfavored in federal practice, the Court DENIES the City's motion to strike these paragraphs.

    3. Paragraph 21

Paragraph 21 concerns plaintiffs who worked speciality details "in addition to their normal assignments." Id. ¶ 21. Because it is not clear from the complaint whether Aldaz worked any of these specialty details, and because motions to strike are disfavored in federal practice, the Court DENIES the City's motion to strike these paragraphs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-CV-05642-CAS(SSx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | ISMAEL ALDAZ, SR., ET AL. v. CITY OF LOS ANGELES, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS the City's motion to dismiss without prejudice the claims of all plaintiffs except for Ismael Aldaz, Sr.  The City's motion to strike is GRANTED IN PART as to paragraph 5 and otherwise DENIED.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |